## Case No. 1,763.
### BRACKETT v. UNITED STATES.
[Hoff. Land Cas. 85.][1]

District Court, D. California. Dec. Term, 1855.

PUBLIC LANDS—MEXICAN GRANTS.

Objection removed by testimony taken in this court.

Claim for a half-league of land in Marin county, rejected by the board, and appealed by the claimant [Joshua S. Brackett].

William Blanding, for appellant.
S. W. Inge, U. S. Atty., for appellees.

Before HOFFMAN, District Judge.

The claim in this case is for a part of the rancho of Soulajulle, originally granted by

[1] [Reported by Hon. Ogden Hoffman, District Judge, and here reprinted by permission.]

Governor Micheltorena to Ramon Mesa. Various other claims have also been made for other portions of the same rancho, and the testimony in this case is by stipulation agreed to be used in those cases as if specially taken and filed in each. This claim was rejected by the board, not on the ground of the invalidity of the original title, but because it did not appear from the mesne conveyances that the land claimed was a part of the original tract granted to Ramon Mesa. The further evidence taken in this court removes that objection, and the only question that remains to be decided is as to the validity of the original grant.

The title given to the interested party is produced, and although the evidence of the signatures of the governor is not as satisfactory as could have been wished, or as we had a right to expect from the facility with which Micheltorena's and Jimeno's signatures could at any moment be proved in this city, yet as no opposing testimony is offered on the part of the United States, I am inclined to agree with the board in considering it sufficient, taken with the other testimony in the case, to establish the authenticity of the grant. Had the district attorney or law agent entertained any doubt of the genuineness of the grant, it is but reasonable to suppose that evidence would have been offered to show that the signatures affixed to the title of the grantee were forgeries. The illiterate character of the witness himself repels the idea that he could have forged the document, and no other person concerned in such a fraud would have trusted the proof of its genuineness to the vague and unsatisfactory testimony of such a witness. But the strongest testimony in confirmation of the claim is found in the facts that the expediente is found in and duly produced from the archives, and that the grantee has occupied and cultivated his land from the time of his grant until the time he sold it to the various claimants now before this court. The conditions of the grant having thus been complied with, and the grant itself appearing to be genuine, there is no obstacle to the confirmation of the present claim, or to so much thereof as may be included within the limits of the original grant.